# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **DOMINGO RIBOT RUIZ JR**
SSN xxx-xx-2491

Debtor(s)

CASE NO: **18-04122-MCF**

Chapter 13

## STANDING CHAPTER 13 TRUSTEE §341 MEETING MINUTES AND REPORT ON CONFIRMATION

Petition Filing Date: **07/20/2018**

Days From Petition Date: **62**

910 Days Before Petition: **01/22/2016**

Chapter 13 Plan Date: **07/20/2018** ☐ Amended

This is Debtor(s) **4** Bankruptcy petition.

Payment(s) ☐ Received or ☒ Evidence shown at meeting:

Check/MO# Internet Confirmation -- 326508892

Date: 9/20/2018    Amount: $ 1,000.00

First Meeting Date: **08/23/2018** at **8:00AM**

341 Meeting Date: **09/20/2018** at **2:00PM**

Confirmation Hearing Date: **10/05/2018** at **1:30PM**

Plan Base: **$30,000.00**   Plan Docket #**2**

This is the **2** scheduled meeting.

Total Paid In: **$0.00**

*APPEREANCES:   ☐ Telephone    ☐ Video Conference

Debtor: ☒ Present ☐ Absent ☒ ID & Soc. OK        Joint Debtor: ☐ Present ☐ Absent    ☐ ID & Soc. OK

☒ Examined      ☐ Not Examined under Oath        ☐ Examined      ☐ Not Examined under Oath

Attorney for Debtor(s): ☐ Not Present   ☒ Present

Name of Attorney Present (Other than Attorney of Record):   D. Lopez

☐ Pro-se

☒ Creditor(s) Present         ☐ None

Hacienda -- Velez; BPPR -- Vilches

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **JESUS E BATISTA SANCHEZ***

Total Agreed: **$0.00**    Paid Pre-Petition: **$0.00**   Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S REPORT ON CONFIRMATION & STATUS OF §341 MEETING

Debtor's/s' Commitment Period: ☐ Under Median Income 36 months    ☒ Above Median Income 60 months §1325(b)(1)(B)

Projected Disposable Income: $ TBD

☐ The Trustee cannot determine debtor's/s' commitment period at this time.

Liquidation Value: $0.99    Estimated Priority Debt: $

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.99

The Trustee:  ☐ NOT OBJECTS  ☑ OBJECTS   Plan Confirmation    Gen. Uns. Approx. Dist.: ___%

§341 Meeting  ☐ CONTINUED  ☐ NOT HELD  ☐ CLOSED  ☑ HELD OPEN FOR 21 DAYS

§341 Meeting Rescheduled for:_____

Comments: Attorney failed to bring file of the case.

*CREDITOR(S) ORAL OBJECTIONS [LBR 3015-2 (c)(4)]
-The following creditor(s) present at this meeting made oral objection(s) to the proposed plan.

BPPR -- Refer written objection.

*TRUSTEE'S OBJECTIONS TO CONFIRMATION: NOTICE: LBR 3015-2(c)(6) The debtor must within seven (7) days after service of the objection file either: (A) an amended plan that addresses each objection; or (B) a reply setting forth the facts and legal arguments that give rise to the reply in sufficient detail to allow each objector, if possible, to reconsider and withdraw its objection.

[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]

Debtor has failed to submit statement of income and expenses for June 2018.

Debtor must submit 2017 annual statement for the corporation, the one that shows assets and liabilities.

Debtor must submit evidence of rent income. It is $1,300.00 for a commercial property.

Debtor has two sources of income: (a) rental of construction equipment; and (b) rental of commercial property.

Debtor must clarify expenses listed in MORs as "direct expenses".

Debtor must submit bank statements with BPPR for the six months prior to filing bankruptcy. This is corporate tax return, but Debtor operates corporation as a dba.

[1325(a)(4)] Plan fails Creditors Best Interest Test.

Debtor is the personal owner of certain construction equipment: (a) a bobcat; (b) maquina de ligadora de cemento; (c) and a mini digger. He has also other miscelaneous business equipment, such as wood panels and jacks.

Debtor failed to list inheritance participation in a property located at 254 Jorge Bird Diaz, Fajardo. Father is deceased, mother lives, there are five heirs including Debtor. Said participation must be listed and evidence of the value assigned must be submitted.

Debtor failed to list accounts receivable from Mapfre regarding damages to the commercial property. They have not yet provided a value for the damages.

Debtor failed to list bank account with BPPR in Schedule B. Although the same is the corporate bank account, Debtor says he uses the same as a personal account.

Debtor failed to list retirement account with Fidelity. Debtor said the same has about $600.00.

Liquidation value cannot be determined at this time.

[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.

Plan provides for the payment of the value of the collateral to BPPR. Debtor failed to notify creditor per

Fed. R. Bank. P. 7004.

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to comply with plan scheduled distribution or no sufficient information to determine it.

Plan is insufficiently funded to pay secured arrears to Coop. A/C Roosevelt Roads and value of collateral to Popular Auto.

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to pay 100% of [507] priority claims. [1322(d)(1)]

Plan is insufficiently funded to pay priority claims filed by the IRS and Hacienda.

[1325(a)(9)] Tax Requirements – Debtor(s) fails to comply with Tax Return filing requirement of [1308].

Debtor has failed to submit evidence of having filed local tax returns for years 2014 to 2017 and 1040 PR forms for years 2014 to 2017.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

Debtor must review deductions taken in Means Test, as it appears that the same are either, outdated or not correct. PDI cannot be determined at this time.

Debtor must eliminate electricity and water expenses from Schedule J. He stated that the same are included in the rent expense of $500.00. Debtor gives such amount to his mother, since he lives in the second floor of her residence.

Trustee to review food, clothing, personal care and vehicle expenses. The same may be higher than the IRS standards.

The Trustee objects Section 8.2 of the plan, inasmuch as the court is the only entity that can determine whether a tax refund is deemed disposable income.

*OTHER COMMENTS / OBJECTIONS

Debtor was the owner of a business called El Balcon Liquor Store, which closed about three years ago.

Debtor is currently separated.

NOTE: Debtor has not had possession of the vehicle financed with BPPR for a year. The same is in Taller Junior, subject to a Mechanic's lien.

/s/ Jose R. Carrion, Esq.         Meeting Date: Sep 20, 2018
     Trustee

/s/ Alexandra Rodriguez, Esq., Presiding Officer

Last Docket Verified: 16    Last Claim Verified: 5