## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

DOMINGO RIBOT RUIZ, JR.                              Case No. 18-04122

                                                     Chapter 13

     Debtor(s)
_____/

### RESPONSE TO OPPOSITION TO MOTION FOR RECONSIDERATION

**COMES NOW, DEBTOR**(S), represented by undersigned counsel, and in support of the instant **RESPONSE** very respectfully **STATES, ALLEGES,** and **PRAYS** as follows:

1. On March 5, 2020 Coop A/C Roosevelt Roads, filed an Opposition to the Debtor's Motion for Reconsideration. *See,* Dk. #72. For the reasons set-forth herein, Roosevelt Roads Opposition should be denied.

2. Succinctly, the present case was dismissed because the Debtor felt behind on his payments. *See*, Dk. #67, Granting Trustee's Motion to Dismiss For Failure to Make Payments (Dk. #55). Since, the Debtor has found his financial footing and has explained how his present financial footing will assist in avoiding a future inability to make payments. See, Debtor's Motion for Reconsideration, Dk. #71. Indeed, as of beginning of April the Debtor paid over $900.00 into his Chapter 13 Plan; his arrears were merely owed $300.00 or less than one payment (Debtor's payments are $550.00). The Trustee's Motion to Dismiss, filed at Docket #55, reflected arrears then of over $1600.00. *See*, Dk. #55. In fact, post-dismissal of the case the Debtor has demonstrated his fierce desire to see this case through by making payments in excess of $2,500.00; **since dismissal**. In short, the Debtor's position is not the he be excused for his failure to make timely payments; the Debtor's unfortunate economic reality a few months ago is not a matter to be "excused of;" rather, that was his reality and so he accepts and concedes. Equally forceful, however, the Debtor assert that he has regained his financial footing and has evidence as much by continuing

to make timely monthly payments. In fact, the Debtor has made at least five such payments since dismissal. It is on these grounds, that the Debtor now enjoys a new economic reality, upon which the Debtor plants his reconsideration motion.

3. The Coop's opposition thereto, grounded on an alleged lack of excusable neglect theories, misses the mark. Again, the Debtor is not seeking to be excused for his failure to make timely payments; that indeed happen. Rather, the Debtor is seeking to be reconsidered because the substantive factual allegation upon which the case was dismissed; that the Debtor was significantly behind on his proposed Plan Payments is now simply no longer accurate. In fact, it has not ben accurate for an extended period as the Debtor has made at least five payments since the case was dismissed.

4. For the above reasons, the Debtor prays for the Coop's Opposition to the Debtor's Motion for Reconsideration to be denied and the Debtor's Motion for Reconsideration Granted.

5. **WHEREFORE**, the Debtor prays for the Coop's Opposition to the Debtor's Motion for Reconsideration to be denied and the Debtor's Motion for Reconsideration Granted.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification, upon information and belief, of such filing to the following: THE UNITED STATES TRUSTEE and to all CM/ECF participants.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 17th day of April, 2020.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589
E-mail: jeb@batistasanchez.com
Counsel for Debtor

/s/ Jesus E. Batista Sanchez, Esq.
Jesus E. Batista Sanchez, USDC # 227014