## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-04122 (MCF) |
| | ) | |
| DOMINGO RIBOT RUIZ, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### COOPERATIVA'S SUR-REPLY TO DEBTOR'S RESPONSE
### IN OPPOSITION TO MOTION FOR RECONSIDERATION

*COMES NOW Cooperativa de Ahorro y Crédito Roosevelt Roads ("Cooperativa"),* and through its undersigned attorneys, respectfully requests this Court to deny Debtors' *Response in Opposition to Motion for Reconsideration of Dismissal* (Doc. # 71). Debtor's Motion seeks to set aside this Court's January 17, 2020 Order of Dismissal (Doc. # 67). The Motion for Reconsideration should be rejected because Debtor Domingo Ribot Ruiz ("Debtor") fails to present any new evidence or factual basis or change in the law to support reversal of the Court's January 17, 2020 Order, and because Debtor's persistently untruthful conduct requires that dismissal of the Chapter 13 case is in the best interest of the creditors.

### STATEMENT OF THE CASE

1. The Debtor is a serial bankruptcy filer. As stated previously, the current Chapter 13 case is the Debtor's eighth petition since 1995. Debtor's seventh petition, case 16-02649 MCF was dismissed on December 28, 2016, for failure to make plan payments, as in the present case.

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration                                                                                                  2

2. The present Chapter 13 case was filed on July 20, 2018, just outside the 180 days for filing another petition. The Chapter 13 Trustee moved to dismiss for failure to make payments on October 11, 2019 (Doc. # 55). The Debtor filed a response in opposition to the Trustee's Motion to Dismiss on November 13, 2019 (Doc. # 58) and a Supplemental Response on December 5, 2019 (Doc. # 60).

3. On November 11, 2019, the Chapter 13 Trustee filed a Report Regarding the Status of Chapter 13 Plan Payments (Doc. # 61), which revealed that contrary to the Debtor's Response to the Trustee's Motion to Dismiss filed several days earlier, the Debtor was not up to date with his Plan payments and was in default in the amount of $1,850. The Trustee invited the Debtor to provide evidence if he had, in fact, paid more than the Report revealed. To date, the Debtor has not provided any factual evidence to dispute the Trustee's written report regarding the Status of Chapter 13 Plan Payments.

4. On January 17, 2020, this Court dismissed Debtor's Chapter 13 case (Doc. # 67). Debtor moved for reconsideration of the Court's order six weeks later on March 4, 2020, on the grounds that, while prior to the dismissal Debtor was in arrears with his Plan payments, since the final order for dismissal, Debtor *"…re-established his financial wherewithal…"* and has made payments (Doc. # 71).

5. Cooperativa filed its Response in Opposition to Debtor's Motion for Reconsideration of Dismissal on March 5, 2020 (Doc. # 72). This motion was joined by Noemí Caraballo López on March 9, 2020 (Doc. # 74). The Debtor responded to these

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration  3

opposition briefs by admitting that he failed to make payments but that, since dismissal of his case, he now has a *"...fierce desire to see this case through..."* (Doc. # 77).

## DISCUSSION OF AUTHORITY

**I. DEBTOR'S POST-DISMISSAL PAYMENTS DO NOT VACATE THE COURT'S FINAL ORDER OF DISMISSAL**

6. In seeking bankruptcy relief, the Chapter 13 debtor undertakes an obligation to the court to take reasonable and appropriate steps to move the case toward confirmation of a Chapter 13 Plan. When it is not the debtor's first Chapter 13 case, the reasonableness of the Debtor's efforts, looking at the totality of circumstances, are more stringent. **_In re Lopez Llanos_**, 578 B.R. 700, 710 (Bankr. D.P.R. 2017) (citing **_In re Jackson_,** No. 06-1380ELF, 2007 WL 1188202 (Bankr. E.D. Pa. Apr. 18, 2007). Here, this Court's January 17, 2020 order to dismiss Debtor's Chapter 13 case pursuant to 11 U.S.C. §1307, was based upon the Debtor's failure to not only make timely payments under his Plan, but his complete failure to make numerous payments. In both his Motion for Reconsideration on March 4, 2020 and in his response to Cooperativa's objection to reconsideration, Debtor concedes that he failed to make payments, but offers no excuse for the missed payments prior to the order of dismissal.

7. As Cooperativa explained to the Court, Fed. R. Bankr. P. 9024 allows the bankruptcy court to vacate an earlier order but only in extraordinary cases involving extraordinary circumstances. **_Karak v. Bursaw Oil Corp,_** 288 F.3d 15 (1st Cir. 2002); **_In_**

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration                                           4

*re Aja*, 441 B.R. 173 (B.A.P. 1st Cir. 2011). To prevail under Rule 9024, which incorporates Fed. R. Civ. Proc. 60(b), the moving party must present evidence of inadvertence, mistake, or excusable neglect prior to the final order in order to give the court evidence or facts upon which it can reevaluate the case. ***Fontanillas-Lopez v. Morel Bauza Cartagena & Dapena, LLC,*** 136 F. Supp. 3d 152 (D.P.R. 2015) *aff'd sub nom.* ***Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC***, 832 F3d 50 (1st Cir. 2016).

8. Excusable neglect requires specific evidence by the moving party to explain the party's delay in meeting a duty or obligation, whether the delay prejudiced other parties, and whether the moving party had reasonable control over the circumstances that caused the delay. ***In re Aja***, 441 B.R. at 178. In the absence of unique or extraordinary circumstances explaining the delay or inaction by the moving party which led to dismissal, the court has no authority to simply excuse the debtor's objectionable behavior and vacate a final order which was supported by the law and by the evidence in the record. ***In re Rodriguez Gonzalez***, 396 B.R. 790 (B.A.P. 1st Cir. 2008).

9. Remarkably, the Debtor in the present case contends that *"excusable neglect"* is not at issue. He makes no effort to excuse his pre-dismissal conduct and concedes that the evidence presented to the Court supported the Court's final order of dismissal (*See* Doc. # 77). Therefore, the only thing extraordinary about this case is the Debtor's ignorance of the law, and, in particular, of Rule 9024 and Rule 60. What the Debtor

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration                                                                 5

requests is for the Court to vacate its final order outside of these procedural rules, on the basis that three months *after* the order, his financial circumstances allegedly changed. He simply asks for a second chance. This would require the court to ignore the federal rules of procedure which protect and enforce final orders.

10.     Recently, in **_Ritzen Grp., Inc. v. Jackson Masonry, LLC_**, 140 S. Ct. 582, 205 L. Ed. 2d 419 (2020), the U.S. Supreme Court held that a bankruptcy court order is final and appealable when it definitively disposes of discrete disputes within the larger bankruptcy case. In **_Gandara-Gorvitz v. Scotiabank de Puerto Rico_**, 603 B.R. 871 (D. P. R. 2019), the court stated that its sua sponte dismissal of a bankruptcy case is final under 28 U.S.C. § 157 and § 158. Without the finality of judicial orders, judicial chaos and uncertainty would prevail.

11.     Because the Debtor never timely appealed the January 17, 2020 Order and concedes in his pleadings that he cannot support a motion to vacate the final order under Rule 9024 or Fed. R. Civ. 60, his Chapter 13 case is properly dismissed at this time. Further, the Debtor cannot contend that dismissal is prejudicial to him. Instead, as he states, he has "…re-established his financial wherewithal" (*see* Doc. 71 at ¶ 4). The protection of the Chapter 13 bankruptcy case is, therefore, neither necessary nor appropriate at this time.

12.     The Debtor presents no legal or factual basis upon which this Court can vacate its January 17, 2020 Order. The Debtor's sole remedy is to refile, if possible.

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration                                                                                 6

## II. DISMISSAL SHOULD BE WITH PREJUDICE, BARRING FURTHER BANKRUPTCY FILINGS OR, IN THE ALTERNATIVE, PERMIT REFILING AFTER A 24-MONTH DELAY

13. Debtor's admission that his conduct prior to this Court's January 17, 2020 Order fully supports dismissal, as well as his frivolous motion for reconsideration, are grounds for dismissing the Debtor's Chapter 13 case with prejudice and barring the Debtor from refiling for bankruptcy protection. In the alternative, the Debtor should be precluded from refiling for any kind of bankruptcy relief for a period greater than the 180 days allowed under 11 U.S.C. § 109(g).

14. Under 11 U.S.C. § 349(a), the bankruptcy court may impose a permanent bar to refiling as a result of egregious conduct by the Debtor amounting to bad faith and prejudice to creditors. ***In re Ortiz Jimenez***, No. 18-04070 (ESL), 2019 WL 2369510 (Bank. D.P.R. June 3, 2019). *See also* ***In re Leavitt***, 171 F.3d 1219 (9th Cir. 1999) (holding that evidence of the debtor's bad-faith conduct, including misrepresentations of facts, his serial filings and dismissals and egregious behavior were grounds for the dismissal of the latest Chapter 13 case with prejudice); ***In re Tomlin***, 105 F.3d 933 (4th Cir. 1997) (under § 349(a), the bankruptcy court may impose a permanent bar to discharge where debtor's egregious conduct warrants this severe sanction).

15. In the alternative, this Court held in ***In re Ortiz Jimenez***, that under certain circumstances showing sufficient cause, the bankruptcy court may use its equitable authority under § 105 and § 349(a) to prohibit further bankruptcy filings in excess of the

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration                                                            7

statutory 180 days set forth in § 109(g).  In *In re Ortiz Jimenez*, the debtor filed five separate bankruptcy petitions.  The fifth one was dismissed as a consequence of debtor's bad-faith conduct.  Based on the debtor's conduct and the cumulative impact of his past behavior, the court imposed a moratorium of further filings for a period of 12 months, far greater than the 180-day limit under § 109(g).

16.     The court in *In re Ortiz Jimenez* held that in evaluating whether to dismiss a case with prejudice and impose a total bar on refiling, or whether to impose a longer restriction on refiling than permitted under § 109(g), the court may consider the cumulative effect of the debtor's conduct and the multiple factors leading the debtor to mislead the court or manipulate the bankruptcy process. *In re Ortiz Jimenez*, 2019 WL 2369510 at *5.

17.     In the present case, as stated above, the Debtor is an eight-time serial bankruptcy filer. While that fact alone does not constitute cause to bar or delay further filings after a dismissal, the Debtor has consistently manipulated the bankruptcy process to delay the proceedings and prejudice creditors.  In this case alone, Debtor has issued sixteen insufficient fund checks in the 17 months preceding the Court's January 17, 2020 dismissal. Debtor also blatantly misrepresented to the Court his ability to make payments under both the Chapter 13 Plan he submitted on July 20, 2018 (Doc. # 2) and the Amended Chapter 13 Plan filed on March 5, 2019 (Doc. # 33).  After dismissal, the

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration 8

Debtor represented to the court that he traveled to Texas and regained his financial footing which has enabled him to make the payments under this Plan.

18. What Debtor's own pleadings strongly suggest, however, is that his Chapter 13 case was nothing more than a delay tactic which prejudiced creditors, that he cannot be trusted to truthfully represent himself before the bankruptcy court, that he manipulates the bankruptcy process, and that he should be barred from refiling a ninth time, or at the very least, precluded from filing for at least a 24-month period.

**WHEREFORE, Cooperativa de Ahorro y Crédito Roosevelt Roads** respectfully requests this Court to deny Debtor's Motion for Reconsideration of Dismissal because it has no basis in law or fact.; enforce this Court's January 17, 2020 Order of Dismissal; and bar the Debtor from further bankruptcy filings, or in the alternative, preclude further filings for a period of at least 24 months.

Respectfully submitted.

**CERTIFICATE OF MAILING**:

I electronically filed the foregoing Sur Reply with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all CM/ECF participants in this case including: *Jesús E. Batista Sánchez, Esq.; José R. Carrión Morales, Esq., Chapter 13 Trustee;* through first class U.S. mail, postage prepaid, to *Debtor* at Barriada

Cooperativa's Sur-Reply to Debtor's Response in
Opposition to Motion for Reconsideration                                                                              9


Obrera 254 Calle Jorge Bird Díaz, Fajardo, P.R. 00738; and to all creditors and parties in

interest as per the attached master list.

In San Juan, Puerto Rico, this 15th day of May 2020.


/s/     **CARLOS A. QUILICHINI PAZ**
        **USDCPR 120906**
        **JESSICA M. QUILICHINI ORTIZ**
        **USDCPR 223803**
        Counsel for Coop A&C Roosevelt Roads
        351 Tetuán Street - Third Floor
        Old San Juan, P.R. 00901
        Post Office Box 9020895
        San Juan, Puerto Rico 00902-0895
        Telephone:   (787) 729-1720
        Facsimile:   (787) 724-6000
        Email:quilichinipazc@microjuris.com